UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID WHEELER                               CIVIL ACTION NO. 13-cv-0951

VERSUS                                      JUDGE FOOTE

FARMERS INSURANCE EXCHANGE,                 MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM RULING

**Introduction**

David Wheeler ("Plaintiff") filed this action in state court against Farmers Insurance Exchange for personal injury damages and statutory penalties after Farmers refused to settle a claim against its $50,000 uninsured/underinsured motorist ("UM") policy. Farmers removed the case based on an assertion of diversity jurisdiction. Plaintiff has filed a Motion to Remand (Doc. 5) on the grounds that Farmers did not meet its burden of establishing that the amount in controversy exceeds $75,000. For the reasons that follow, the motion will be granted.

**Amount in Controversy Requirement**

Federal courts have jurisdiction over state claw claims where the parties are of diverse citizenship and amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Tort plaintiffs who file suit in Louisiana state courts may not specify the numerical value of their damage claim. La. Code Civ. P. art. 893. If a defendant removes such a case based on an assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that

the amount in controversy exceeds $75,000. The defendant may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

**Relevant Facts**

Plaintiff alleged in his state court petition that he was a passenger in a car traveling near Princeton on Highway 80, which is a divided multi-lane highway, when Stephen Tracy pulled into the wrong lanes and caused a head-on collision. Tracy had a liability policy with GEICO, and GEICO settled with Plaintiff for its full policy limits of $50,000. The driver of the car in which Plaintiff was a passenger was covered by a $50,000 UM policy issued by Farmers. Plaintiff's petition prayed for recovery under the Farmers policy.

Plaintiff's petition alleged that he suffered severe injuries to the right rotator cuff which will require surgery, severe injuries to his right arm, multiple contusions, severe injuries to his back, and stress and anxiety. The petition used the word "severe" to describe the injuries, as does virtually every personal injury petition filed in state and city courts, but offered no factual details to support the use of the adjective. As noted in Nordman v. Kansas City Southern Ry. Co., 2009 WL 976493, *2 (W.D. La. 2009), adjectives such as severe, serious, or disabling—without supporting facts—do little to establish the amount in controversy.

The facts asserted in the petition are supplemented in this case by a pre-suit settlement demand letter issued by Plaintiff's counsel that adds some detail about the injuries and damages. Counsel stated in the letter that Plaintiff was taken by ambulance to the hospital, diagnosed with contusion of multiple sites of the shoulder and upper arm, and released to home care with advice to follow up with his primary care physician. Plaintiff reported to a chiropractor the next month to address complaints of severe shoulder, arm, and back pain. The chiropractor diagnosed muscle spasms, sprains and strains, and prescribed continued chiropractic treatment.

Plaintiff continued to experience "excruciating pain" in his right shoulder so, about a week later, went to the emergency room at a local hospital. The ER physician diagnosed a rotator cuff injury and advised follow-up treatment. Plaintiff began treatment with an orthopedic physician the next month. Treatment included shots of Celestone and Lidocaine, as well as a Lortab prescription for pain. Plaintiff continued to experience pain, and an MRI revealed arthropathy and a full thickness tear of a tendon for which the orthopedic physician recommended surgery followed by physical therapy two or three times a week for a couple of months. Plaintiff continued to receive injections and pain medication as he awaited surgery.

The settlement letter outlined Plaintiff's medical expenses to that point as totaling just over $5,000. Counsel stated that estimates from Willis-Knighton Hospital, the orthopedic physician, and an anesthesiologist for the surgery totaled $53,308.57. That did not include the cost of physical therapy or lost wages due to the surgery.

Plaintiff's letter demanded that Farmers pay him its full policy limits of $50,000 in UM coverage. Plaintiff also invoked La. R.S. 22:1973 to assert that a failure to pay within 60 days after receipt of satisfactory proof of loss, if found to be arbitrary, capricious, or without probable cause, would subject Farmers to penalties and attorney fees in addition to the amount of the loss. The state court petition also invoked Section 1973 and prayed for an award of penalties, but it did not make a claim for attorney fees. The statute does not, on its face, provide for a fee award.

**Analysis**

    **A. Policy Limits**

In a suit brought solely against a liability insurer, the policy limits affect the amount in controversy. If the policy limits are for an amount below the jurisdictional threshold, the fact that a claimant's actual damages are an amount above than the threshold does not increase the amount in controversy. The policy limits cap the potential the amount in controversy (subject to additional amounts for statutory penalties and attorney fees). Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002), citing Payne v. State Farm, 266 F.2d 63, 65 (5th Cir. 1959).

Farmers argues that the court must also consider the first $50,000 of damages covered by GEICO because Plaintiff will have to show that the $50,000 received from GEICO was insufficient to satisfy his damages and that he suffered additional damages sufficient to warrant recovery of the additional $50,000 he seeks from Farmers. The insurer reasons that this makes the amount of Plaintiff's claim $100,000. An opinion issued in another division

of this court agreed with a similar argument made by a UM insurer. Briley v. State Farm, 2012 WL 219431 (W.D. La. 2012).

The undersigned respectfully disagrees that the first $50,000, already paid by GEICO, is considered in determining the amount in controversy in this case. This case could not result in a lawful judgment that would render Farmers liable for the first $50,000. Just as a policy limit prevents an amount in controversy from exceeding that limit despite a greater amount of actual damages to the victim (for which the insurer cannot be held liable), the lack of possible liability for a UM or excess-type carrier for damages below a certain amount that are covered by another insurer should not be included in the amount in controversy.

This approach is supported by Fifth Circuit decisions. In Jewell v. Grain Dealers Mutual Ins. Co., 290 F.2d 11 (5th Cir. 1961), a passenger was injured in an accident and filed suit against the insurer of his driver ($20,000 policy), the passenger's own insurer ($5,000 policy), and the insurer of the driver of the other car ($20,000 policy). The passenger's insurer, whose $5,000 policy limit was below the $10,000 jurisdictional threshold, moved to dismiss the claims against it on the grounds the amount in controversy was not met despite the combined claims exceeding the requirement. The plaintiff's total damages were estimated to be $150,000. The Fifth Circuit affirmed the dismissal of that insurer because there was no joint liability of the three defendant insurance companies. The fact that one company had primary liability and the other had excess coverage of the same insured risk did not create a joint liability to permit the claims to be joined for determining the amount in controversy.

The Court took the same approach in Dendinger v. Maryland Cas. Co., 302 F.2d 850 (5th Cir. 1962) when it dismissed a $5,000 insurer in fatal car accident case despite claims against other insurers that totaled far more than the jurisdictional amount. The Court reasoned that the insurer was not liable for any amount in excess of the limits of its policy, and there was no privity between the insurers. Jewell and Dendinger demonstrate that even if Plaintiff had filed this suit against both GEICO and Farmers, the test of jurisdiction would focus on the amount of the claim against each defendant and not their aggregate.

The amount in controversy in this case will be the amount that Farmers shows that Plaintiff, more probably than not, will recover if he prevails on his good faith claims asserted in the petition. That amount does not include the $50,000 paid by GEICO and for which Farmers cannot held responsible as a legal effect of the potential judgment in this case. The next issue is to determine what amount Farmers has shown is in controversy.

The first component of that amount comes from Farmers' $50,000 policy. Plaintiff made a pre-suit settlement demand for the entire $50,000, which he supported with reports of past and future medical expenses of approximately $60,000, plus potential lost wages. The settlement demand can serve as valuable evidence of the amount in controversy. Bayou Mosquito & Pest Management, LLC v. Bell South Telecommunications, LLC, 2013 WL 634253, *2 (W.D. La. 2013); Creppel v. Fred's Stores of Tennessee, Inc., 2013 WL 3490927, *3 (E.D. La. 2013). Plaintiff's demand for the entire $50,000, given his extensive medical costs, the need for shoulder surgery, rehabilitation, and reported pain and suffering, is sufficient to satisfy Farmers' burden that the entire $50,000 policy is at stake.

**B. Statutory Penalty**

Statutory penalties may also be considered in assessing the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). Plaintiff has prayed for recovery of a penalty under La. R.S. 22:1973 (formerly numbered 22:1220), which states that it is a breach of an insurer's duty if it fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." The statute then states: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."

The available penalties under a statute of this kind are based solely on the consequential damages sustained as a result of a breach of duties under the statute; the penalties are not calculated by doubling the amounts due under the insurance policy. Durio v. Horace Mann Ins. Co., 74 So.3d 1159, 1168 (La. 2011) (interpreting Section 1220 before it was renumbered Section 1973). Neither the facts set forth in the petition nor those provided by Farmers suggest a factual basis for determining a penalty greater than the $5,000 minimum under the statute, so that is the highest value the court can attribute to the claim for penalties. See Washington v. Liberty Mutual Fire Ins. Co., 2012 WL 3096046, *3 (W.D. La.

2012) (reaching same conclusion in a case with penalty claim under Section 1973); Gelvin v. State Farm Mut. Auto Ins. Co., 2012 WL 1354855 (E.D. La. 2012) (same).

### C. Attorney Fees

Statutory attorney fees are also weighed in assessing the amount in controversy. St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253. Plaintiff's settlement letter mentioned attorney fees in its discussion of penalties under Section 1973, but the state court petition does not include a demand for attorney fees. Farmers concedes that the petition does not seek attorney fees but it refers back to the demand letter and contends that Section 1973 allows for recovery of fees in certain circumstances so that they should be considered. Plaintiff states in his motion to remand that he "has not sought attorney's fees ... nor does Louisiana law allow such a remedy."

It appears that Louisiana law could allow recovery of attorney fees in a case of this kind under the interrelated scheme of Sections 1973 and 1982. The claimant may elect the penalty provision of Section 1973 and also recover attorney fees under Section 1982. Calogero v. Safeway Ins. Co. of Louisiana, 753 So.2d 170 (La. 2000); McKenzie and Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:14 (4th ed.).

Louisiana law treats fees and penalties as items of special damages under La. C.C.P. art. 861that must be specifically alleged to be recovered. See Dennis v. Allstate Ins. Co., 645 So. 2d 763, 766 (La. App. 5 Cir. 1994) (reversing award of fees and penalty under predecessor to Section 1820 because not specifically prayed for); Hardy v. Cumis Ins. Co., 558 So.2d 625, 628 (La. App. 1st Cir. 1990) (same); and Watts v. Scottsdale Ins. Co., 43

So.3d 266, 271 (La. App. 2d Cir. 2010) (affirming denial of penalties when not prayed for). But see Starr v. Brou, 8 So. 3d 674, 681 (La. App. 5th Cir. 2009) (prayer for penalty and fees under Section 1220 was adequate to allow recovery under the virtually identical Section 658). Plaintiff has not prayed for fees under any statute, and his motion to remand includes a specific disclaimer of fees. There is not, therefore, a sound basis for considering fees as part of the amount in controversy in this case.

Assuming fees were in play, only a reasonable estimate of a fee award may be considered. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). If Plaintiff hit a home run on damages and earned a verdict of $50,000, plus a $5,000 penalty, the court would have to award more than $20,000 in attorney fees to bring the amount over $75,000. That would be more than a 36% fee on the $55,000 recovered. Such a fee award is possible, but it would be quite a large one considering the lack of complexity of the case, the amount at stake, and the apparent lack of serious contest over liability. It appears Plaintiff will need only prove the amount of damages stemming from the accident and one shoulder surgery.

Such a generous fee award is certainly possible, but mere possibility is not enough. The burden is on Farmers to establish that it is more likely than not that the total amount in controversy exceeds $75,000, and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F.3rd 278 (5th Cir. 2007).

There is room for considerable doubt that Plaintiff, even if successful in gaining a verdict for the full policy limits and a $5,000 penalty, would also garner a fee award from the court of more than 36% of that amount. That doubt means Farmers has not satisfied its burden.

**Conclusion**

The unavailability of attorney fees when Plaintiff did not prayed for them, and doubt about the size of the award even if fees were considered, means that Farmers has not satisfied its burden. Accordingly, and subject to the stay set forth in the accompanying order, the **Motion to Remand (Doc. 5)** is **granted** and this case will be remanded to the 26th Judicial District Court, Bossier Parish, Louisiana, where it was pending as No. 141427.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of August, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE