UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID WHEELER | CIVIL ACTION NO. 13-CV-0951 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| FARMERS INSURANCE EXCHANGE, ET AL. | MAGISTRATE JUDGE MARK L. HORNSBY |

## MEMORANDUM ORDER

Before the Court is an appeal by the Defendants, Farmers Insurance Exchange and Farmers Texas County Mutual Insurance Co. (hereinafter collectively referred to as "Farmers"), of Magistrate Judge Hornsby's Memorandum Ruling, which granted Plaintiff David Wheeler's Motion To Remand. Judge Hornsby held the value of the claim does not reach the threshold amount in controversy necessary to confer diversity jurisdiction. The Court hereby **AFFIRMS** Magistrate Judge Hornsby's Order Granting the Plaintiff's Motion To Remand [Record Document 9] and **REMANDS** the matter to the **26TH JUDICIAL DISTRICT COURT**, **BOSSIER PARISH, LOUISIANA**.

**I.     Background**

The Plaintiff's state court petition alleges he was a passenger in a car that was struck when Stephen Tracey, a driver who is not a party to this suit, drove into oncoming traffic on Highway 80 near Princeton. [Record Document 1-2, p. 2]. GEICO, Tracey's liability carrier, settled with the Plaintiff for the full policy limit of $50,000. Id. The Plaintiff, alleging Farmers issued a policy providing uninsured/underinsured

motorist (UM/UIM) coverage to Annette Reynolds, the driver of the vehicle in which the Plaintiff was a passenger, filed suit against Farmers in the 26th Judicial District Court of Bossier Parish, Louisiana. Id. at 3. Farmers removed the suit, asserting federal diversity jurisdiction under 28 U.S.C.A. § 1332, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000 exclusive of interest and costs.

Both parties concede complete diversity exists but dispute whether the amount in controversy requirement is satisfied. Farmers contends the $50,000 paid to the Plaintiff by GEICO, the tortfeasor's liability carrier, should be added to its $50,000 UM/UIM policy for purposes of calculating the amount in controversy, an argument which Magistrate Judge Hornsby rejects in his Memorandum Ruling. [Record Document 8, p. 5]. On appeal of the Magistrate Judge's ruling, Farmers does not object to these findings in the opinion: that Farmers proved the entire $50,000 UM/UIM policy is at stake; that penalties under La. R.S. 22:1973 would be insufficient to satisfy the amount in controversy, even when combined with the value of the $50,000 policy; and, that attorneys' fees would not be large enough to satisfy the amount in controversy. [Record Document 8, p. 6-9].[1] Instead, Farmers challenges Magistrate Judge Hornsby's holding that the $50,000 paid by GEICO, the liability carrier, does not count towards the amount in controversy. Id. at 6.

---

[1]As Magistrate Judge Hornsby's Memorandum Ruling notes, the Plaintiff's Motion To Remand "includes a specific disclaimer of [attorneys'] fees." [Record Document 8, p. 9]. The Plaintiff has made a judicial admission that he is not seeking attorneys' fees. [Record Document 5-1, p. 3].

## II.   The Relationship Between Liability and UM/UIM Carriers

Farmers asserts that Magistrate Judge Hornsby "ignored the legal relationship between a UM/UIM carrier and the tortfeasor's carrier," and therefore his decision should be reversed. [Record Document 10-1, p. 3].[2] Specifically, Farmers argues that a UM/UIM carrier and the tortfeasor's liability carrier are solidary obligors under Louisiana law, requiring the Court to assess the value of the entire claim rather than the value of the policy in dispute. Id. at 4.[3] However, in Rizer v. American Surety and Fidelity Insurance Company, the Louisiana Supreme Court held that an uninsured motorist carrier and the tortfeasor's liability carrier are not solidary obligors, because each has a separate obligation that is not co-extensive. Rizer v. Am. Sur. & Fid. Ins. Co., 95-1200 (La. 3/8/96), 669 So. 2d 387, 390. The court reasoned that because the UM carrier is only obligated to pay for damages exceeding the liability carrier's policy limits and only up to the value of the UM policy limit, UM and liability carriers are not solidary obligors.

---

[2]In its appeal, Farmers argued Magistrate Judge Hornsby's examination of cases involving excess carriers and liability carriers was "erroneous," because "it ignored case law out of this district differentiating, legally, the relationship between multiple liability carriers and a UM/UIM carrier." [Record Document 10-1, p. 4].

[3]In its footnotes, Farmers cites Fertitta v. Allstate Ins. Co., 462 So. 2d 159, 162 (La. 1985), wherein the Louisiana Supreme Court held that "[a] solidary obligation between the tortfeasor and the victim's uninsured motorist carrier may arise either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim," to argue that the tortfeasor's liability carrier and the UM/UIM carrier are solidary obligors. [Record Document 10-1, p. 5, n. 11]. The Louisiana Supreme Court has made it clear that while a tortfeasor and an UM carrier are solidary obligors under Louisiana law, a tortfeasor's liability carrier and an UM carrier are not solidary obligors. Rizer v. Am. Sur. & Fid. Ins. Co., 95-1200 (La. 3/8/96), 669 So. 2d 387, 390-91.

669 So. 2d at 390. Given the clear statement of law provided by the Louisiana Supreme Court, Farmers (the UM/UIM carrier) and GEICO (the tortfeasor's liability carrier) are not solidary obligors. Because the UM/UIM carrier and the liability carrier are not solidary obligors, this Court affirms the Magistrate Judge's decision that the policy limits of the liability carrier with whom the Plaintiff has settled do not count towards determining the amount in controversy in order to satisfy the diversity jurisdiction threshold.

### III. Conclusion

For the foregoing reasons,

Magistrate Judge Hornsby's Order Granting the Plaintiff's Motion To Remand [Record Document 9] is **AFFIRMED.**

The above-captioned matter is **REMANDED** to the **26TH JUDICIAL DISTRICT COURT**, in and for **BOSSIER PARISH, LOUISIANA**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 22nd day of January, 2014.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE